UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOCAL UNION NO. 40 of the INTERNATIONAL :
ASSOCIATION OF BRIDGE, STRUCTURAL AND :
ORNAMENTAL IRON WORKERS, LOCAL UNION :
No. 361 of the INTERNATIONAL ASSOCIATION OF :
BRIDGE, STRUCTURAL AND ORNAMENTAL IRON :
WORKERS LOCALS 40, 361 & 417 HEALTH FUND, :
IRON WORKERS LOCALS 40, 361 & 417 PENSION :
FUND, IRON WORKERS LOCALS 40, 361 & 417 :
VACATION FUND, LOCALS 40 and 361 :
APPRENTICESHIP AND TRAINING FUND, :
IRON WORKERS LOCALS 40, 361 & 417 ANNUITY :    Index No.: 12-CIV-4854
FUND, IRON WORKERS LOCALS 40, 361 & 417 :    (LTS)(MHD)
TOPPING OUT FUND, IRON AND STEEL INDUSTRY :
PROMOTION FUND OF NEW YORK, collectively :
Known as, IRON WORKERS, LOCALS 40, 361 :
& 417 UNION SECURITY FUNDS, :
                                    Plaintiffs, :
                                                :
    -    against    - :
                                                :
CAR-WIN CONSTRUCTION, INC., AND :
CRV PRECAST CONSTRUCTION, LLC, :
                                                :
                                    Defendants. :
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## THE PLAINTIFFS' MOTION FOR A DEFAULT
## JUDGMENT PURSUANT TO RULE 37 OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

COLLERAN, O'HARA & MILLS L.L.P.
Attorney for Plaintiffs
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

Of Counsel:
Alicia M. Shotwell, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND ......................................................................................2

ARGUMENT ...............................................................................................................5

    POINT I .....................................................................................................................5

        THE COURT IS WITHIN ITS DISCRETION TO GRANT A DEFAULT
        JUDGMENT AGAINST THE DEFENDANTS DUE TO THEIR
        NONCOMPLIANCE WITH FOUR DISCOVERY ORDERS ISSUED BY
        THIS COURT .....................................................................................................5

            A. The Legal Standard for Imposing Sanctions Pursuant to Rule 37 of
            the Federal Rules of Civil Procedure ..................................................5

            B. The Defendants' Noncompliance with Discovery Has Been Willful ............7

            C. The Efficacy of Lesser Sanctions in This Case Will Not Effectuate the
            Goals of Rule 37 .................................................................................9

            D. The Defendants' Period of Noncompliance Weighs in Favor of
            Default Judgment ..............................................................................10

            E. The Defendants' Were Duly Notified of the Potential Consequences
            of Noncompliance .............................................................................11

            F. The Defendants' Repeated Failure to Comply with Discovery Has
            Prejudiced the Plaintiffs ...................................................................12

    POINT II ...................................................................................................................14

        THE PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF............................14

        REQUIRING CRV PRECAST CONSTRUCTION LLC TO SUBMIT TO .............14

        AN AUDIT OF ITS BOOKS AND RECORDS .......................................................14

    CONCLUSION .........................................................................................................16

# TABLE OF AUTHORITIES

Cases

Am. Cash Card Corp. v. AT & T Corp., 184 F.R.D. 521 (S.D.N.Y. 1999) .....................10, 12, 13

Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995) ..............................................6

Buffalo Laborers Welfare Fund v. Elliot, No. 04-CV-516S, 2008 WL 907385 (W.D.N.Y. March
    31, 2008) ........................................................................................................................................8

Burke v. ITT Automotive, Inc., 139 F.R.D. 24 (W.D.N.Y. 1991) ...................................................7

Casilla v. New York State Dep't of Labor, 2005 WL 3502050  (S.D.N.Y. Dec. 21, 2005)............7

Chopen v. Olive Vine, Inc., No. 12-CV-2269, 2014 WL 198814 (E.D.N.Y. Jan. 15, 2014)..........9

Coach, Inc. v. O'Brien, CV-6071, 2011 WL 6122265 (S.D.N.Y. Nov. 28, 2011) ......................12

Daval Steel Products v. M/V Fakredine, 951 F.2d 1357 (2d Cir. 1991) .....................................5, 6

Diapulse Corp. of America v. Curtis Pub. Co., 374 F.2d 442 (2d Cir. 1967) ...............................6

Guallpa v. N.Y. Pro Signs, Inc., No. 11-CIV-3133 2013 WL 1453270 (S.D.N.Y. Apr. 9, 2013)10

In re Durand, No. 07-CV-5037 (JFB), 2008 WL 4282601 (E.D.N.Y. Sept. 16, 2008)..................6

Jackson v. City of New York, 22 F.3d 71 (2d Cir. 1994)..................................................................6

John Wiley & Sons, Inc. v. Elhalis, 2006 WL 406311 (S.D.N.Y. Feb. 14, 2006) ........................7

Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731(2d Cir. 1987),.........................................7

Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust v. Brookman
    Const. Co., Inc., No. 12-CV-2180, 2013 WL 2898130 (E.D.N.Y. June 13, 2013) ..................10

Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37 (2d Cir. 1982) ................................................11

Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500 (S.D.N.Y. 1993) .................................6, 7

NAACP v. Town of E. Haven, 70 F.3d 219 (2d Cir. 1995) ...........................................................15

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639(1976) ( ................7, 9

Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002) .........................6

Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894 (S.D.N.Y. June 19, 2008) ...................12

Sieck v. Russo, 869 F.2d 131 (2d Cir. 1989)................................................................................12

Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357
    U.S. 197, 78 S.Ct. 1087 , 2 L.Ed.2d 1255 (1958) ......................................................................7

State Farm Mut. Auto. Ins. Co. v. Grafman, 274 F.R.D. 442, 450 (E.D.N.Y. 2011)................

Szafrankowska v. AHRC Home Care Servs., Inc., No. 06-CV-1247, 2008 WL 186206 (S.D.N.Y.
    Jan. 22, 2008).................................................................................................................................9

Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp., No.
    08-CV-3036, 2009 WL 5821676 (E.D.N.Y., Oct. 8, 2009)........................................................15

Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67 (2d Cir. 1988).....................6, 9, 11, 12

World Wide Polymer, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155 (2d Cir. 2012) ......9


Statutes

29 U.S.C. §1132(g)(2) ..................................................................................................................15

Rules

Fed. R. Civ. P. 37(b)(2) .......................................................................................5, 6

Rule 26 of the Fed. R. Civ. P...............................................................................8

Rule 34 of the Fed. R. Civ. P...............................................................................2

Rule 34(b) of the Fed. R. Civ. P ..........................................................................3

Rule 37 of the Fed. R. Civ. P. .................................................................... passim

Rule 37(b) of the Fed. R. Civ. P. ...................................................................5, 6, 9

## PRELIMINARY STATEMENT

Plaintiffs, LOCAL UNION NO. 40 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL UNION NO. 361 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS (collectively referred to herein as "the UNIONS"), IRON WORKERS LOCALS 40, 361 & 417 HEALTH FUND, IRON WORKERS LOCALS 40, 361 & 417 PENSION FUND, IRON WORKERS LOCALS 40, 361 & 417 VACATION FUND, LOCALS 40 AND 361 APPRENTICESHIP AND TRAINING FUND, IRON WORKERS LOCALS 40, 361 & 417 ANNUITY FUND, IRON WORKERS LOCALS 40, 361 & 417 TOPPING OUT FUND, IRON AND STEEL INDUSTRY PROMOTION FUND OF NEW YORK, collectively known as IRON WORKERS LOCALS 40, 361 & 417 UNION SECURITY FUNDS (hereinafter referred to as "the FUNDS"), by and through their attorneys, COLLERAN, O'HARA & MILLS L.L.P., submit this Memorandum of Law in support of their motion requesting an Order Granting a Default Judgment pursuant to Rule 37 of the Federal Rule of Civil Procedure ("Fed. R. Civ. P.") in favor of the Plaintiffs and against the Defendants CAR-WIN CONSTRUCTION, INC and CRV PRECAST CONSTRUCTION, LLC (hereinafter collectively referred to as "DEFENDANTS") declaring that the use of CRV to perform covered work in the UNIONS' jurisdictions violated the Collective Bargaining Agreement and that the DEFENDANTS are jointly and severally liable as alter-egos, single employers or successor entities for any resulting damages.

The Plaintiffs respectfully submit that the requested sanction is warranted due to the DEFENDANTS' failure to defend or cooperate in the litigation of this action since the untimely filing of their respective Answers to the Complaint. The DEFENDANTS have willfully failed to comply with discovery Orders issued by both the Honorable Laura Taylor Swain, U.S.D.J., and

1

the Honorable Michael H. Dolinger, U.S.M.J. The DEFENDANTS' persistent refusal to permit meaningful discovery throughout the course of this litigation, in conjunction with the DEFENDANTS' contumacious response to this Court's discovery orders, strongly suggests that the entry of a Default Judgment is the only appropriate remedy.  In the absence of any reasonable excuse for the DEFENDANTS' noncompliance, allowing the DEFENDANTS to continue to defend this action would provide a significant disservice to Rule 37's purpose of, *inter alia*, precluding disobedient parties from obtaining a benefit from their disobedience.  Therefore, if this Court's Orders are to have any meaning, the Plaintiffs respectfully submit that the relief requested herein should be granted in its entirety.

## FACTUAL BACKGROUND

On or about February 20, 2013, the Plaintiffs served George Christopoulos, Esq., attorney of record for Car-Win Construction, Inc. ("CAR-WIN") and CRV Precast Construction, LLC ("CRV"), with document demands pursuant to Rule 34 of the Fed. R. Civ. P.  See Exhibit "4" of the Declaration of Alicia M. Shotwell, dated February 14, 2014 ("SHOTWELL Decl."). Neither CAR-WIN nor CRV responded to the Plaintiffs' Discovery Demands within the time prescribed by the Fed. R. Civ. P.  After unsuccessful efforts to obtain responses from the DEFENDANTS, the Plaintiffs obtained leave to file an appropriate motion for sanctions if the DEFENDANTS did not provide responses to the demands on or before the April 24, 2013 deadline imposed by this Court.  This Court's April 24, 2013 deadline was subsequently extended by Order of this Court dated April 24, 2013 to April 26, 2013.  Once again, the DEFENDANTS failed to provide responses to the Demands within the time frame ordered by this Court.  The Plaintiffs accordingly filed a motion seeking an Order Granting a Default Judgment pursuant to Rule 37 Fed. R. Civ. P. in favor of the Plaintiffs and against DEFENDANTS, interest, liquidated damages, audit fees, and attorneys' fees. See id at ¶5.

2

Before the Plaintiffs' motion was fully submitted, the DEFENDANTS delivered fifteen (15) boxes, consisting of more than approximately 35,000 documents, to the undersigned's offices.  Due to the fact that the boxes were not labeled, indexed or otherwise categorized as mandated by Rule 34(b) of the Fed. R. Civ. P., counsel for the Plaintiffs and the DEFENDANTS met and conferred (upon the suggestion of the Plaintiffs' counsel) on May 30, 2013, May 31, 2013 and June 6, 2013 for the purposes of reviewing and identifying the information that was produced.  While counsel met and conferred, a decision on the Plaintiffs' motion was held in abeyance.  See id at ¶6. After the Plaintiffs reviewed the documents they received from the DEFENDANTS, it became clear that most of the records that had been produced consisted of CAR-WIN's payroll records. Therefore, by letter dated June 12, 2013, the undersigned provided Mr. Christopoulos with an itemized listing of forty-six (46) distinct categories of documentation that had been requested in the Plaintiffs' Demands but had not yet been produced by both CAR-WIN and CRV.  Id at ¶7, Exhibit "5." After the DEFENDANTS failed to provide any response to this letter, the Plaintiffs obtained leave to file supplemental papers in further support of their motion for sanctions.  As part of its response to the Plaintiffs' supplemental papers, the DEFENDANTS failed to provide any meaningful response to the Plaintiffs' June 12th letter, generally stating that the "Plaintiffs' counsel should have said documents" or that the documents did not exist.  Id at ¶7, Exhibit "6."

After the Plaintiffs' supplemental papers were submitted, depositions were held for non-party employees of CAR-WIN.  Specifically, two of CAR-WIN's former employees, William Albanese and Hollis-Ann Albanese, were deposed on July 10, 2013.  Roughly one month later, on August 7, 2013, CAR-WIN's President, Tom Carroll, was deposed.  The Plaintiffs did not proceed with any further discovery against CRV while its motion for sanctions was pending.  See id at ¶8.

On January 2, 2014, this Court issued a Memorandum and Order partially granting sanctions against the DEFENDANTS, ordering both DEFENDANTS "to provide one or more affidavits or declarations by persons with personal knowledge specifying in detail (1) the document-retention and storage policies of [each respective DEFENDANT] pertaining to the categories of documents that [each respective DEFENDANT] claims to be unable to locate and (2) specifying the nature and extent of the search that [each respective DEFENDANT] made for the categories of documents that it claims to be unable to find." See id at ¶8, Exhibit "8." Additionally, the Decision and Order granted the Plaintiffs the authority "to take the deposition of any affiants or declarants concerning document retention and storage and the searches made for those documents." Id.

After receiving notice of this Court's Order on January 2, 2014, the undersigned e-mailed a copy of the Order to Mr. Christopoulos and informed him of the DEFENDANTS' obligations thereunder. Id at ¶10, Exhibit "9."  In the same message, the undersigned requested that Mr. Christopoulos "provide a few dates on which Tim Carroll, Luis Rivera and Frank Valentino [could] be produced for depositions." Id.   This Court's deadline for the DEFENDANTS to supply the affidavits or declarations passed without the Plaintiffs having received any documentation, correspondence or communication responsive to the January 2, 2014 Order. Id at ¶11.

The next day, on January 10, 2014, the undersigned e-mailed a letter to Mr. Christopoulos advising him of the DEFENDANTS' non-compliance with the January 2, 2014 Memorandum and Order and offering the DEFENDANTS an additional day to comply. Id at ¶12, Exhibit "10." After receiving no response from Mr. Christopoulos, the undersigned advised the Court of the DEFENDANTS' noncompliance and requested a telephone conference with the Court to discuss the DEFENDANTS' continued failure to comply with this Court's Orders. Id at

Exhibit "11." In response to the Plaintiffs' request for a telephone conference, this Court scheduled a conference before a court reporter on January 31, 2014. At the January 31, 2014 conference, the DEFENDANTS failed to provide a reasonable excuse for their failure to comply with this Court's Order. As a result, Judge Dolinger advised the Plaintiffs that a motion for a default judgment was appropriate and that the Plaintiffs could file a motion for default by February 14, 2014. Id at ¶13.

The majority of the documents that have not been produced by the DEFENDANTS are material and necessary to proving the Plaintiffs' claims that: (1) CRV is the alter-ego and successor employer of CAR-WIN; (2) CRV and CAR-WIN constitute a single employer; (3) CRV was incorporated to avoid CAR-WIN's obligations under Trust Agreements and Collective Bargaining Agreements with the Plaintiffs; and (4) CRV is liable to the Plaintiffs' for failure to pay wages, failure to make fringe benefit contributions and failure to employ UNION members in their work jurisdiction. Id at ¶16, Exhibit "12."

## ARGUMENT

## POINT I

**THE COURT IS WITHIN ITS DISCRETION TO GRANT A DEFAULT JUDGMENT AGAINST THE DEFENDANTS DUE TO THEIR NONCOMPLIANCE WITH FOUR DISCOVERY ORDERS ISSUED BY THIS COURT**

### A. The Legal Standard for Imposing Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure

The Fed. R. of Civ. P. were designed to ensure "that the disclosure of evidence proceed at the initiative of the parties, free from time-consuming and costly court intervention." Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991). Fed. R. Civ. P. 37, in turn, permits the Court to impose a variety of sanctions for discovery-related abuses. Fed. R. Civ. P. 37(b)(2) provides, in pertinent part, that the Court may sanction a disobedient party by "granting a judgment by default." Before the Court can impose sanctions under Rule 37(b), there must be

a Court Order in effect.  In addition to Pre-Trial Scheduling Orders and other Orders endorsed by the Court, proceedings before the District Court during which the Judge issues an oral Order requiring compliance provide a proper basis for a Rule 37(b)(2) motion.  Daval Steel Products, 951 F.2d at 1363. Where Court Orders are in effect, District Courts have "broad discretion in fashioning an appropriate sanction" under Rule 37(b).  Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 101 (2d Cir. 2002); see also Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 507-508 (S.D.N.Y. 1993) (noting that Rule 37(b)(2) provides that, if a party fails to obey an order to provide or permit discovery, the court in which the action is pending "has the discretionary power to take the appropriate action that would correct the failure in light of the considerations of justice.").

Numerous factors are relevant to a District Court's exercise of its broad discretion to order sanctions under Rule 37, including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; (4) whether the non-compliant party had been warned of the consequences of his noncompliance; and (5) whether the party seeking discovery will be prejudiced by further delay. See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995); Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994); In re Durand, No. 07-CV-5037 (JFB), 2008 WL 4282601 (E.D.N.Y. Sept. 16, 2008).  In exercising its discretion, the District Court must consider the full record of the case, Diapulse Corp. of America v. Curtis Pub. Co., 374 F.2d 442, 447 (2d Cir. 1967), with a view toward serving Rule 37's fundamental purposes of securing compliance with court orders, ensuring that a party does not profit from its own failure to comply with the requirements of discovery, and enforcing strict adherence to the responsibilities litigants owe the court and their adversaries. Monaghan, 148 F.R.D. at 508 (internal citations omitted); Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67 (2d Cir.

6

1988).  The District Court's imposition of sanctions under Rule 37 will only be reversed if its decision constitutes an abuse of discretion.  See e.g., Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 734 (2d Cir. 1987), cert. denied, 488 U.S. 825 (1988) citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam) ("A district court's choice of sanction should not be disturbed unless that choice constitutes an abuse of discretion.").

**B. The Defendants' Noncompliance with Discovery Has Been Willful**

Even though a default judgment is one of the most extreme sanctions available under Rule 37, it has been deemed appropriate where the party's failure to comply with a discovery Order was willful, in bad faith, or otherwise culpable. Monaghan, 148 F.R.D. at 509 citing Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958); Burke v. ITT Automotive, Inc., 139 F.R.D. 24, 32 (W.D.N.Y. 1991). "A failure to comply with a discovery order is considered willful 'when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control.'" John Wiley & Sons, Inc. v. Elhalis, 2006 WL 406311 (S.D.N.Y. Feb. 14, 2006) citing Casilla v. New York State Dep't of Labor, 2005 WL 3502050 at *5 (S.D.N.Y. Dec. 21, 2005).  Most often, willfulness is demonstrated where the party persistently refuses to comply with a discovery order.  See Monaghan, 148 F.R.D. at 509 (collecting cases).

Courts have routinely held that a default judgment is an appropriate sanction against parties that have totally failed to respond to outstanding discovery requests.[1]  For instance, in a

---

[1] It should also be noted that Rule 37 sanctions have been imposed against parties that have produced inadequate responses to an adversary's discovery requests. See e.g., National Hockey League, 427 U.S. at 642-643 (upholding the District Court's dismissal of a case pursuant to Rule 37 due to the party's late and incomplete responses to discovery).

strikingly similar case to the one presented herein, the Western District of New York granted the Plaintiffs' request for a judgment by default.   See Buffalo Laborers Welfare Fund v. Elliot, No. 04-CV-516S, 2008 WL 907385 (W.D.N.Y. March 31, 2008).   In that case, the Plaintiffs filed an action under ERISA to collect unpaid union dues and fringe benefit contributions together with interest, statutory damages, costs and fees. Id. at *1.   The Defendant originally failed to file an Answer and the Plaintiff obtained a Clerk's Entry of Judgment; however, the parties stipulated to vacate the Default after the Defendant filed an Answer.   Id.   After a period of inactivity in the case, the Plaintiffs filed a motion under Rule 37 of the Fed. R. Civ. P. alleging that, other than filing an Answer, the Defendant "ha[d] wholly failed to participate in discovery or defend th[e] action in any way."   Id.   More specifically, the Defendant failed to file an Initial Disclosure under Rule 26 and to respond to the Plaintiffs' Interrogatories, Document Requests, Notices to Admit and Notice of Deposition.   Id.   The Court found, upon a thorough examination of the record, that the Defendant failed to establish an inability or lack of opportunity to defend and that the Plaintiffs had repeatedly attempted to secure discovery responses to no avail. Id. at *2.   The Defendant's failure to respond to discovery and comply with Court Orders led the Court to conclude that the Defendant's noncompliance was a willful, conscious abandonment of its case that justified the imposition of a default judgment against the Defendant. Id. at *3.

The record in the instant case shows that the DEFENDANTS have willfully disregarded four (4) separate Orders issued by this Court requiring compliance with discovery: (1) the DEFENDANTS willfully disregarded this Court's Scheduling Order by failing to submit initial disclosures pursuant to Rule 26 of the Fed. R. Civ. P.; (2) CRV failed to file its Answer within the time prescribed within the Scheduling Order; (3) The DEFENDANTS willfully disregarded this Court's April 17, 2013 Order by failing to provide discovery responses by April 24, 2013; (4) the DEFENDANTS willfully disregarded this Court's April 24, 2013 Order by failing to

provide discovery responses by April 26, 2013; and (5) the DEFENDANTS failed to provide affidavits or declarations regarding their record retention and storage policies as required by this Court's January 2, 2014 Order. See SHOTWELL Decl. at ¶14.   These instances of noncompliance have unnecessarily delayed this action and have prevented the Plaintiffs from proceeding with their claims against the DEFENDANTS.   The DEFENDANTS have not provided a single satisfactory explanation for their failure and refusal to participate in Court-ordered discovery.

**C. The Efficacy of Lesser Sanctions in This Case Will Not Effectuate the Goals of Rule 37**

When considering the imposition of default judgment against a noncompliant party in discovery, District Courts should evaluate the efficacy of lesser sanctions. See World Wide Polymer, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012); see also Chopen v. Olive Vine, Inc., No. 12-CV-2269, 2014 WL 198814 (E.D.N.Y. Jan. 15, 2014).  The sanction selected should further the goals of Rule 37(b), which are to "ensure that a party will not benefit from its own failure to comply," to "obtain compliance with a particular order issued," and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." Szafrankowska v. AHRC Home Care Servs., Inc., No. 06-CV-1247, 2008 WL 186206 (S.D.N.Y. Jan. 22, 2008); see also National Hockey League, 427 U.S. 639 (1976).  Accordingly, where lesser sanctions have failed to evoke compliance with the discovery process, greater sanctions are appropriate to achieve the purpose of Rule 37 as a credible deterrent rather than a "paper tiger." Update Art, Inc., 843 F.2d at 71 (2d Cir. 1988).

Throughout the course of this litigation, the DEFENDANTS' slothful and evasive approach to discovery has remained unchanged even in the face of lesser sanctions.  In response to the Plaintiffs' first motion for default judgment, the DEFENDANTS produced over 35,000

documents, the vast majority of which were unresponsive to the Plaintiffs' demands.  Noting that "the production efforts of both defendants have been woefully untimely and seemingly incomplete to some degree," the District Court sanctioned the DEFENDANTS by awarding attorneys' fees to the Plaintiffs for "the reasonable expense of their motion practice[.]" See Exhibit "8" of SHOTWELL Decl.  The DEFENDANTS failed to file a single objection to the Plaintiffs' fee application despite having been given a week to do so.  This Court also provided the DEFENDANTS with *another* opportunity to explain their efforts to comply with this Court's Orders and the Plaintiffs' demands by ordering the DEFENDANTS to provide declarations or affidavits from those representatives that participated in the discovery process. See SHOTWELL Decl. at ¶9.  By remaining apathetic to this Court's warnings and previous penalties, it is apparent that DEFENDANTS will not be swayed by lesser sanctions.  Indeed, even after facing an adverse judgment, the DEFENDANTS have refused to comply with this Court's January 2, 2014 Order.

### D. The Defendants' Period of Noncompliance Weighs in Favor of Default Judgment

The duration of a party's noncompliance with discovery obligations is another important factor in determining whether default judgment is an appropriate sanction. Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust v. Brookman Const. Co., Inc., No. 12-CV-2180, 2013 WL 2898130 (E.D.N.Y. June 13, 2013) (where defendant's failure to satisfy its discovery obligations for more than three months "qualifie[d] as an amount of time sufficient to warrant an entry of a default judgment."); Guallpa v. N.Y. Pro Signs, Inc., No. 11-CIV-3133 2013 WL 1453270 (S.D.N.Y. Apr. 9, 2013) (finding default judgment sanction appropriate where defendant failed to comply with discovery orders for "nearly eight months"); Am. Cash Card Corp. v. AT & T Corp., 184 F.R.D. 521, 525 (S.D.N.Y. 1999) (finding default sanctions appropriate when, "despite the passage of many months, the issuance of repeated court orders,

and two sanctions motions," the offending party had yet to comply with the court's orders); see also Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) ("[A] pattern of dilatory tactics .... may warrant dismissal after merely a matter of months.").

Here, the Plaintiffs have sought complete responses to their demands for one (1) year. The parties have appeared before this Court on two (2) separate occasions for informal discovery conferences and the Plaintiffs have filed three (3) motions for sanctions pursuant to Fed. R. Civ. P. 37. Since the Plaintiffs' supplemental motion papers were fully submitted on July 2, 2013, the DEFENDANTS have not produced any further discovery despite the fact that CRV continues to perform covered work in the UNIONS' jurisdictions. See Declaration of Kevin O'Rourke dated February 14, 2014 at ¶¶3-4 ("O'ROURKE Decl."); see also Declaration of Anthony DeBlasie at ¶¶4-7 ("DEBLASIE Decl."). Equally as important, the DEFENDANTS have not provided any supplemental discovery demands and have not noticed a single deposition. The duration of this noncompliance has caused this Court to extend two (2) discovery deadlines and to issue three (3) Orders compelling discovery. See SHOTWELL Decl. at ¶15. It is without question that the facts and circumstances surrounding the DEFENDANTS' lengthy noncompliance support the imposition of a default judgment in this case.

**E. The Defendants' Were Duly Notified of the Potential Consequences of Noncompliance**

Courts have found the imposition of sanctions under Rule 37 appropriate where the Defendants failed to comply with discovery demands after having been warned by the Court that severe sanctions would be imposed absent compliance. Update Art, Inc., 843 F.2d at 71. In Update Art, Inc., the Second Circuit upheld the Magistrate Judge's imposition of dismissal under Fed. R. Civ. P. 37. According to the Court, the Magistrate Judge was well within her authority to impose the challenged sanction because the Appellants' assertions that many of the requested documents did not exist was not credible, the Appellants had previously been granted extensions

11

to respond, and the Appellants "were not unfairly surprised by the sanctions imposed against them." Id.; see also Sieck v. Russo, 869 F.2d 131, 133, 134 (2d Cir. 1989) (internal quotation marks omitted) (affirming entry of a default judgment against defendants who were warned that "a default judgment will be entered against them" if they failed to appear).  Similarly, in Coach, Inc. v. O'Brien, the Southern District held that a defendant was placed on suitable notice that a failure to comply with discovery orders could result in the entry of a default judgment. No. 10-CV-6071, 2011 WL 6122265 (S.D.N.Y. Nov. 28, 2011).  In the Magistrate Judge's Report and Recommendation, which was ultimately upheld, the Court noted that the defendant was given adequate notice through the plaintiff's initial motion for default judgment and through various warnings issued by Court Order. Id. at *4.

The DEFENDANTS were placed on notice of potential sanctions when the Plaintiffs submitted their first motion for default judgment on April 29, 2013, more than nine (9) months ago.  Furthermore, at the discovery conference held on January 31, 2014, Judge Dolinger unambiguously informed the parties that, based on the way the case had developed, the imposition for a default judgment was appropriate and that this Court would allow another motion by Plaintiffs seeking such relief. See SHOTWELL Decl. at ¶13.  Given the totality of the circumstances, there can be no doubt that the DEFENDANTS were fully aware that a default judgment could, and in all likelihood, *would* be imposed against the DEFENDANTS.

### F. The Defendants' Repeated Failure to Comply with Discovery Has Prejudiced the Plaintiffs

"When a defendant hinders the discovery of relevant information, the plaintiff suffers prejudice as a result of an involuntary delay in prosecuting its action." Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894 (S.D.N.Y. June 19, 2008) citing Update Art, Inc., 843 F.2d 67, 71 (2d Cir. 1988).  In Am. Cash Card Corp. v. AT & T Corp., the Southern District determined that a party had been prejudiced by its adversary where "[it] had to devote extensive time and

resources to trying to obtain the most basic discovery" and where "the case ha[d] been delayed." 184 F.R.D. 521, 525 (S.D.N.Y. 1999). Furthermore, prejudice was recognized in State Farm Mut. Auto. Ins. Co. v. Grafman, 274 F.R.D. 442, 450 (E.D.N.Y. 2011) where the defendants' conduct "forced [the plaintiff] to file innumerable motions to compel, litigate with incomplete sets of documents, and bring in third parties ... to obtain documents to which it was entitled." Indeed, prejudice exists where a party's failure to comply with the discovery process causes its adversary to incur unnecessary expense and needlessly delay the prosecution of the case. Id.

From the outset of this litigation, the DEFENDANTS' conduct has prejudiced the Plaintiffs' case. Starting at commencement, CRV missed this Court's deadline for submitting an Answer by 35 days, filing its Answer several months after the Plaintiffs served CRV with its Complaint. Moreover, due to the DEFENDANTS' penchant for adjournments, it took months for the parties to issue their Preliminary Pre-trial Statement and to appear before the Honorable Laura Taylor Swain, U.S.D.J, for the purposes of establishing a Scheduling Order in this case. See SHOTWELL Decl. at ¶29. Unsurprisingly, the DEFENDANTS adopted a similar approach to discovery demands – adjourning or otherwise failing to respond to every request until threatened with sanctions by this Court. As a direct result of the DEFENDANTS' dilatory tactics, the Plaintiffs have been unable to recover information essential to proving their causes of action, have expended resources on wasteful motion practice, and have experienced undue delay in the prosecution of this action. Id.

The Plaintiffs have been especially prejudiced to the extent that the DEFENDANTS' noncompliance has prevented the Plaintiffs from determining how many projects have been performed in the UNIONS' jurisdictions, which projects involved covered work under the CBA, and the DEFENDANTS' estimated labor costs. CRV has failed to provide a single invoice for any of its projects, even though CRV's "Sales by Item Detail" includes countless invoices that

were sent to contractors for work performed on various jobsites. <u>See</u> SHOTWELL Decl. at ¶¶19-21.  In addition to the projects and jobsites listed in the Sales by Item Detail, the Plaintiffs are also aware of ten (10) other projects where CRV has performed work covered by the CBA.  For instance, Kevin O'Rourke, President and Business Agent of Local 40, has knowledge of five (5) projects where CRV has performed covered work in Local 40's jurisdiction. <u>See</u> O'ROURKE Decl. at ¶¶3-4.  Furthermore, Anthony DeBlasie, President and Business Agent of Local 361, has knowledge of five (5) projects where CRV has performed covered work in Local 361's jurisdiction. <u>See</u> DEBLASIE Decl. at ¶¶4-7.  Without access to invoices for these projects and all other projects within the UNIONS' jurisdictions, the Plaintiffs' auditors are hard-pressed to determine, let alone prove, damages in this case. <u>See</u> STERN Decl. at ¶8.

To remedy the prejudice caused by the DEFENDANTS' and inoculate against future misconduct by prospective defendants, it is respectfully submitted that this Court grant the Plaintiffs' motion in its entirety.

### POINT II

**THE PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF
REQUIRING CRV PRECAST CONSTRUCTION LLC TO SUBMIT TO
AN AUDIT OF ITS BOOKS AND RECORDS**

In an action to enforce Section 515 of ERISA, Section 502(g)(2) of ERISA provides that the Court shall award the following to a successful plaintiff:

> (A) the unpaid contributions;
>
> (B) interest on the unpaid contributions;
>
> (C) an amount equal to the greater of:
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in  excess of 20 percent (or such higher percentage as may be permitted under Federal or state law) of the amount determined by the court under subparagraph (A),

14

(D) reasonable attorneys' fees and costs of the action, to be paid by the defendant; and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. §1132(g)(2). Accordingly, a plaintiff may seek injunctive relief in an action for the nonpayment of contributions to employee benefit funds. See, e.g., LaBarbera v. Les Sub-Surface Plumbing, Inc., No. 06-CV-3343, 2006 WL 906695 (E.D.N.Y. April 3, 2008). Injunctive relief is appropriate under the statute where the plaintiffs have satisfied their burden of establishing irreparable harm and the absence of an adequate remedy at law. See Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp., No. 08-CV-3036, 2009 WL 5821676 (E.D.N.Y., Oct. 8, 2009). In order to demonstrate irreparable harm, a plaintiff seeking injunctive relief must "'show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages.'" LaBarbera, 2006 WL 906695 at *10 quoting NAACP v. Town of E. Haven, 70 F.3d 219, 224 (2d Cir. 1995) (citations omitted).

Here, the Plaintiffs seek an Order requiring the DEFENDANTS to submit to an audit of their financial books and records for the period of January 1, 2008 to the present. It is respectfully submitted that this equitable relief is appropriate and necessary because the Plaintiff cannot determine and recover monetary damages without access to the DEFENDANTS books and/or invoices. See STERN Decl. at ¶¶3-8. In addition, equitable relief is appropriate because the Plaintiffs will suffer irreparable injury, as CRV will continue operations and shirk its obligations to contribute to the FUNDS under the CBA. Indeed, CRV has been awarded a contract to perform work on an affordable housing job known as the "Schoolhouse Terrace" project located at 33 Ashburton Avenue in Yonkers, New York in the imminent future. See

O'ROURKE Decl. at ¶4.   Accordingly, the Plaintiffs have satisfied the requirements for obtaining equitable relief from this Court.

## CONCLUSION

Based on the foregoing, the Plaintiffs respectfully request that this Court grant the Plaintiffs' Motion for a Default Judgment, grant the remedies sought herein, and provide any other relief deemed appropriate in the interests of justice.

Dated: Garden City, New York
       February 14, 2014

                                        Respectfully Submitted,

                                        COLLERAN, O'HARA & MILLS L.L.P.
                                        Attorneys for Plaintiffs

                                        By: ALICIA M. SHOTWELL (AS-4159)
                                            1225 Franklin Avenue, Suite 450
                                            Garden City, New York 11530
                                            (516) 248-5757
                                            ams@cohmlaw.com

To:    George Christopoulos, Esq.
       Law Offices of George Christopoulos, P.C.
       Attorney for Defendants
       2 University Plaza, Suite 402
       Hackensack, NJ  07601